**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FRELANDRA S. WOMACK,<br>Plaintiff,<br><br>v.<br><br>JAHARI MABRY DOWDY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-03052-SHM-tmp |

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE, DENYING LEAVE TO AMEND, DENYING PENDING MOTIONS, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION, AND CLOSING CASE**

On November 17, 2025, Plaintiff Frelandra S. Womack, then an inmate at the McPherson Unit of the Arkansas Department of Corrections in Newport, Arkansas, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1-2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 4.) Womack filed an amended complaint on June 8, 2026. (ECF No. 13.)

Womack filed several motions between May 13, 2026, and October 13, 2026. (*See* ECF Nos. 12, 14-15.) Those motions (referred to collectively as the "Pending Motions") are as follows:

(1) Motion for Judgment on the Pleadings (ECF No. 12);
(2) Second Motion for Judgment on the Pleadings (ECF No. 14);
(3) Motion for Recusal (ECF No. 15).

[1] On November 3, 2026, Womack notified the Court that she had been transferred to a halfway house and provided her new address. (ECF No. 16.)

For the reasons that follow, Womack's amended complaint is **DISMISSED WITH PREJUDICE**. Leave to amend is **DENIED**. Womack's Pending Motions are **DENIED**.

Womack alleges that "between November 1, 2022, and March of 2025," Womack was represented in the Shelby County Criminal Court by appointed counsel Jahari Mabry Dowdy. (ECF No. 13 at PageID 195, 197.) Womack alleges that Dowdy "conspired to violate plaintiff['s] right to a [s]peedy and [p]ublic [t]rial . . . by failing to ask for a [j]ury [t]rial." (*Id.* at PageID 195.)

Womack alleges that Dowdy "conspired to deny plaintiff access to state court because she is an African American [w]oman." (*Id.* at PageID 196.) Womack alleges that Dowdy "failed to ask the courts for any relief" and failed to submit motions for a bond hearing and a "[b]ond [r]econsideration hearing." (*Id.*)

Womack alleges that Dowdy "failed under *Strickland v. Washington* to be effective" and caused Womack "constitutional harm and injury." (*Id.* at PageID 197.) Womack alleges that Dowdy failed to challenge "the bail [that] was issued at an excessive amount." (*Id.*) Womack alleges that Dowdy denied Womack "access to discovery." (*Id.*)

Womack seeks $950,000 in "compensatory, punitive, and money damages." (*Id.*) Womack sues Dowdy in her "individual and personal capacity." (*Id.*)

## I. SCREENING THE COMPLAINT

### A. Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

Womack sues under 42 U.S.C. § 1983. (ECF No. 13 at PageID 195.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS

### A. The Amended Complaint

Womack's amended complaint is construed to allege claims of ineffective assistance of counsel against Dowdy. (*See* ECF No. 13.) Ineffective assistance of counsel is not a cognizable claim under § 1983, which applies only to actions committed "under color of state law." *See Adickes*, 398 U.S. at 150; *see also Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (explaining that "§ 1983 provides a remedy only against one acting under color of state law" and "a private attorney, does not fall within this category, despite the fact that he had been appointed by the court"). Claims of ineffective assistance of counsel must be brought in a habeas petition under 28 U.S.C. § 2254. *See Taylor v. Miles*, No. 19-1257, 2020 WL 104682, at *2 (W.D. Tenn. Jan. 8, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

Womack's claims of ineffective assistance of counsel should not have been brought under § 1983 and are subject to dismissal. *See Mulligan*, 389 F.2d at 233. Womack's exclusive remedy is habeas corpus, which she may only seek under federal law after exhausting any remedies available in state court. *See Preiser*, 411 U.S. at 489.

For these reasons, Womack's claims of ineffective assistance of counsel are **DISMISSED WITH PREJUDICE**.

**B. <u>The Pending Motions</u>**

Womack moves for the undersigned District Judge to be recused from the case. (ECF No. 15.) Womack alleges that the undersigned is "bias[ed] . . . towards her and the subject matter of her claims" because the undersigned dismissed Womack's previous civil lawsuit in *Womack v. Weaver*, No. 2:25-cv-02196-SHM-tmp. (*Id.* at PageID 205.) Womack alleges that the undersigned "may . . . have [had] interactions with [Dowdy] . . . , [who] is an attorney who works at both the State and Federal Court[s]." (*Id.*)

"[A] judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Because the standard "is an objective one," a judge "need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id.* (internal quotation marks and citation omitted). A judge's "participation in the proceedings or prior contact with related cases" cannot support a demand for recusal. *Id.* (internal quotation marks and citation omitted). "[A] litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509, at *2 (6th Cir. 1994).

Womack has failed to allege facts to meet her burden. Womack argues for recusal based on the undersigned's dismissal of Womack's previous § 1983 lawsuit and because the undersigned "may" have interacted with Womack's attorney Dowdy in other cases. (ECF No. 15 at PageID 205.) Womack's dissatisfaction with the Court's ruling in another case and her speculation that the undersigned "may" know Dowdy fail to satisfy the objective standard for recusal. *See Sammons*, 918 F.2d at 599. Womack's motion for recusal is **DENIED**.

Womack has filed duplicate motions for judgment on the pleadings, citing Federal Rule of Civil Procedure 12(c). (ECF Nos. 12, 14.) Womack alleges that she is entitled to relief under Rule 12(c) because "there has not been any judgments made in the civil action against this defendant [sic]." (ECF No. 14 at PageID 200.) The Court has now completed screening of Womack's amended complaint under the PLRA and has dismissed Womack's claims with prejudice. Womack's motions for judgment on the pleadings are **DENIED** as moot.

## III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court **DENIES** leave to amend. Womack cannot cure the deficiencies in her amended complaint because her claims of ineffective assistance of counsel are not cognizable under § 1983.

## IV. NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted." 28 U.S.C. § 1915(g). The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## V. APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Womack would not be taken in good faith. If Womack nevertheless chooses to file a notice of appeal, she must either: (1) pay the entire $605 appellate filing fee or, if she is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of her inmate trust account statement for the last six months, in compliance with § 1915(a)-(b).

## VI. CONCLUSION

For the reasons explained above:

a. Womack's amended complaint (ECF No. 13) is **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief. *See* §§ 1915(e)(2)(B)(ii)-(iii) & 1915A(b)(1)-(2).

b. Leave to amend is **DENIED**.

c. Womack's Pending Motions (ECF No. 12, 14-15) are **DENIED**.

d. The Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal.

e. This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 25th day of November, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE